**RESOLUTION TRUST CORPORATION, a corporation organized and existing under the laws of the United States, Plaintiff,**

v.

**William P. ROSENTHAL, esq. and Rosenthal & Schanfield, P.C., an Illinois Professional Corporation, Defendants.**

**No. 94 C 3612.**

United States District Court, N.D. Illinois, Eastern Division.

March 1, 1995.

As Corrected March 14, 1995.

Michael F. Hertz, Polly A. Dammann, Dodge Wells, Robert Kirsch, Harold Chambers, Washington, DC, for plaintiff.

Robert W. Tarun, Neil E. Holmen, David E. Koropp, Chicago, IL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Plaintiff, Resolution Trust Corporation ("RTC"), filed a complaint against defendants, William P. Rosenthal, Esq. and Rosenthal & Schanfield, P.C., an Illinois professional corporation, alleging that defendants committed legal malpractice in performance of their duties as legal counsel to Skokie Federal Savings and Loan Association ("Skokie"), a federally chartered savings and loan association which, due to insolvency; was placed in a receivership in 1990. Subject matter jurisdiction exists pursuant to 12 U.S.C. § 1441a(*l*)(1). Defendants seek summary judgment.

The RTC's complaint alleges three acts of malpractice. First, the RTC alleges that Skokie directed the defendants to ensure compliance with a cease and desist order

---

issued in 1983, following the initiation of a complaint by the Federal Home Loan Bank Board. The cease and desist order required Skokie to comply with various requirements in connection with commercial loans. The RTC also alleges that in a loan called the Carlton House Loan, made subsequent to the cease and desist order, the defendants were assigned to investigate and advise Skokie's board of directors and that they failed in their duty by failing to advise adequately regarding the loan recipient's criminal background. On another loan transaction called the La Vida Serena Development Loan, the RTC alleges that defendants failed to draft an enforceable guarantee.

I have examined defendants' memoranda in support of their motion as well as plaintiff's response to the motion and the evidence submitted by both sides. As defendants argue, the RTC has provided essentially no evidence in support of its allegations that defendants owed a duty to Skokie to inform officers and directors who had become part of Skokie's management and board after the approval of the cease and desist order of the requirements of that order, nor any evidence that they were to ensure compliance with the order. The scant evidence is that Mr. Rosenthal may have been Skokie's general counsel until September, 1984. It appears that Mr. Rosenthal and the defendant law firm continued as outside counsel after that time. Nevertheless, defendants' affidavits state that defendants had no duty with respect to the cease and desist order.

With respect to the Carlton House loan, defendants allege that they were merely draftsmen. The RTC responds that defendants billed $122,000 for their work on this loan and there does appear to be evidence, albeit slight at present, that defendants had substantial involvement in some aspects of the transaction. There is, however, no evidence in the record that defendants had any specific duty to investigate and advise the board with respect to the principal loan recipient's criminal background or that defendants failed to carry out whatever duties they had. The RTC says that it needs discovery to establish the parameters of defendants' duty and misconduct. I note, howev-

er, that the principal witness referred to by the RTC, Mr. Moenning, already gave his deposition. The RTC's statements with regard to any other witnesses are vague at best. Furthermore, the RTC has given no reason why it did not take the depositions of Ms. Malinowski or Mr. Rosenthal during its investigation.

The RTC fares no better with respect to the La Vida Serena transaction. The only evidence in the record indicates that the Skokie board knew that the guarantee would be released prior to construction of the townhomes which were to be built with the loan money.

If the RTC came up with no more evidence than it has supplied in response to defendants' motion for summary judgment following discovery, defendants would be entitled to summary judgment. Defendants filed their motion for summary judgment prior to the time that any discovery in this case was taken. There was, however, apparently considerable discovery by the RTC during the years preceding this action. Nevertheless, the RTC argues, in response to the motion for summary judgment, that it has not had discovery and that it needs discovery in order to substantiate the allegations of its complaint. I was not the assigned judge at the time the motion for summary judgment was filed and do not know why discovery was not permitted prior to setting a briefing schedule on the summary judgment motion.

As defendants note, the RTC's affidavit in support of discovery is far from specific as to what evidence it believes discovery will uncover. Nevertheless, the RTC alleges that the losses on the transactions addressed in the complaint totalled approximately $33,700,000. Given the severity of the alleged loss, I am reluctant to enter summary judgment without allowing the RTC some opportunity for discovery. Accordingly, defendants' motion for summary judgment is denied without prejudice to its renewal. The RTC will be given six months to see if it can come up with any evidence to support the allegations in its complaint. At the end of that time, it will be required to demonstrate, with reference to specific documents or testi-

mony, the evidence it has developed to support the allegations of its complaint.